UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Brain Pharma, LLC, a Florida limited liability
company,

       Plaintiff,

v.

Woodbolt Distribution, LLC d/b/a Cellucor, a Texas
limited liability company,

       Defendant.

_____

## COMPLAINT

Plaintiff, Brain Pharma, LLC, a Florida limited liability company, sues Defendant, Woodbolt

Distribution, LLC d/b/a Cellucor, and states:

### NATURE OF THE ACTION

1.      This is an action for (1) trademark infringement in violation of 15 U.S.C. § 1125(a);

(2) unfair competition in violation of 15 U.S.C. § 1125(a); (3) trademark infringement of an

unregistered mark under Florida common law; and (4) common law unfair competition.

### PARTIES

2.      Plaintiff, Brain Pharma, LLC ("BPI"), is a Florida limited liability company with its

principal place of business at 3149 SW 42nd Street, #200, Hollywood, Florida 33312.

3.      Defendant, Woodbolt Distribution, LLC d/b/a Cellucor ("Cellucor"), is a Texas

limited liability company with its principal place of business at 715 North Main St., Bryan, Texas

77803. Cellucor is a sports nutrition company engaged in the manufacture and sale of nutritional supplements.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks) and 28 U.S.C. § 1367 (supplemental jurisdiction for related Florida state law claims).

5.      This Court has jurisdiction over Cellucor because of its systematic and continuous business connections and contacts within this District.

6.      Pursuant to 28 U.S.C. § 1391, venue is also proper because a substantial part of the events or omissions giving rise to BPI's claims took place, in part, in this District.

## FACTUAL BACKGROUND

7.      BPI is a sports nutrition company that has been engaged in the business of manufacturing and selling dietary and nutritional supplements.

8.      BPI's products are sold through its website as well as through other sports nutrition specialty stores across the United States and around the world.

9.      BPI owns several trademarks in connection with its business, including the A-HD™ for its A-HD product ("A-HD Mark"). On October 22, 2010, BPI filed an application to register its A-HD Mark with the United States Patent and Trademark Office, and contains the following pertinent information:

2

| Mark | Serial No. | Date Filed | First Use | Class/Goods & Services |
|------|-----------|-----------|-----------|------------------------|
| A-HD | 85159417 | 10/22/2010 | 1/17/2011 | IC 005. US 006 018 044 046 051 052. G & S: dietary supplements, namely, all-natural supplements for bodybuilding that promote testosterone production and block estrogen production and that are sold without a prescription in vitamin and nutrition shops and online stores featuring over-the-counter nutritional supplements. |

10.    BPI has devoted substantial time, effort and resources to the development and extensive promotion of the A-HD product. As a result of BPI's efforts, the public has come to recognize the A-HD Mark and A-HD as a high quality product geared towards enhancing muscular physique. The A-HD Mark is prominently displayed on the A-HD product label. A copy of the A-HD product is attached as Exhibit A.

11.    As a result of BPI's establishment of the A-HD Mark, the date of first-use in commerce that inures to the A-HD Mark is January 17, 2011.

12.    BPI has never assigned nor licensed the A-HD Mark to Cellucor.

13.    At all relevant times, Cellucor had full knowledge of BPI's ownership of the A-HD Mark, including its exclusive right to use and license the A-HD Mark and the goodwill associated with it.

14.    BPI only sells its proprietary products, including A-HD, through one domestic distributor, Europa Sports Products, and a limited network of authorized dealers, including The Vitamin Shoppe, GNC and Bodybuilding.com.

15.    At all relevant times, BPI has maintained a long standing business relationship with Bodybuilding.com. In fact, prior to BPI's release of the A-HD product, Dustin Campbell, a

Director/Manager at Bodybuilding.com at the time, recommended the product name of A-HD. Mr. Campbell advised that he believed that A-HD would be a better and more distinctive and marketable name for BPI's product, and BPI opted to take his advice.

16.     In or around December, 2011, Mr. Campbell left Bodybuilding.com and became Cellucor's Vice President of Global Business Development.

17.     In January, 2012, within a month of Mr. Campbell joining Cellucor, Cellucor released a promotional advertisement for its "SuperHD" product ("SuperHD"). A copy of the promotional ad depicting an image of SuperHD is attached as Exhibit B. Cellucor also released several promotional advertisements via social media, which advise that Cellucor will offer SuperHD at the Los Angeles Fitness Expo, taking place on January 28-29, 2012. A copy of Cellucor's promotion of SuperHD of Cellucor's Facebook page is attached Exhibit C.

18.     As titled and advertised, SuperHD, which purports to be a muscle sculpting agent, is confusingly similar to A-HD. Like A-HD, Cellucor is promoting and intends to promote SuperHD as a muscle building supplement product.

19.     Cellucor is selling or intends to sell SuperHD through its website, and through GNC and Bodybuilding.com, which are both authorized dealers of BPI products, including A-HD. As such, Cellucor is or intends to market SuperHD to consumers through the very same vendors that sell BPI's A-HD product.

20.     BPI never authorized Cellucor to represent itself as having any affiliation with BPI or A-HD. At no time has BPI authorized, consented to, sponsored, endorsed, or approved Cellucor's exploitation of the A-HD Mark with its confusingly similar SuperHD product.

4

21.     Cellucor is promoting or intends to promote SuperHD to end users unaffiliated with BPI without BPI's authorization. Cellucor is promoting and advertising SuperHD with the knowledge that it will be mistaken for or confused with A-HD.

22.     Cellucor's actions will result in exploitation of the A-HD Mark by selling SuperHD in direct competition with BPI, and will create a likelihood of confusion in consumers who believe that SuperHD is affiliated with BPI.

23.     Cellucor's advertisement and sale of SuperHD without BPI's consent or authorization has infringed upon BPI's exclusive ownership of the A-HD Mark. Cellucor's infringing actions are likely to cause confusion, mistake and deception in the minds of the consuming public.  Further, Cellucor's actions are likely to create a false impression and deceive consumers into believing that there is an affiliation between A-HD and SuperHD.

24.     Cellucor's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with BPI's A-HD Mark.

25.     As a result of Cellucor's infringing activities, BPI will suffer damages in the form of injury to its brand, and confusion that will impact BPI's ability to market and sell its A-HD product domestically and abroad.

26.     The injuries and damages sustained by BPI are  directly and proximately caused by Cellucor's wrongful advertisement, promotion, distribution and sale of SuperHD.

27.     All conditions precedent to the filing of this action have either been performed, waived or occurred.

## COUNT I
### Federal Trademark Infringement under 15. U.S.C. § 1125(a)

28.     BPI realleges and incorporates the allegations in Paragraphs 1-27.

29.     This is an action for trademark infringement, pursuant to 15 U.S.C. § 1125(a), based on Cellucor's present and future promotion, advertisement, distribution and commercial sale of SuperHD without BPI's authorization.

30.     BPI has priority rights to the A-HD Mark dating back to January 17, 2011, when BPI first began using the A-HD Mark in commerce.

31.     The actions of Cellucor in promoting and/or selling SuperHD in interstate commerce constitute willful and intentional infringement of BPI's rights to the A-HD Mark.

32.     Cellucor's infringement of the A-HD Mark has caused, and will continue to cause, confusion and mistake as to the affiliation, connection and association of Cellucor and SuperHD with BPI and its A-HD product and, therefore, violates 15 U.S.C. § 1125(a).

33.     Cellucor's infringement of the A-HD Mark has caused, and will continue to cause, confusion and mistake as to the origin, sponsorship and/or approval of Cellucor's promotion and sale of SuperHD and, therefore, violates 15 U.S.C. § 1125(a).

34.     The actions of Cellucor, if not enjoined, will continue.

35.     BPI has suffered, and will continue to suffer, irreparable damage that have substantial effects in the United States and abroad. This irreparable damage far outweighs any injury that would be imposed on Cellucor by enjoining its wrongful use of the A-HD Mark. Issuance of an injunction will serve the public's interest in protecting the intellectual property rights of parties and protecting the public against the confusion and mistake that have resulted, and will continue to result, among actual and potential consumers because of Cellucor's infringement of the A-HD Mark.

WHEREFORE, BPI demands judgment in its favor and against Cellucor as follows:

A.    For an injunction restraining and enjoining Cellucor and its subsidiaries, officers, agents and employees and all those persons in active concert or participation with them from:

   (i)    selling, marketing, advertising, and importing SuperHD or any other products confusingly similar to the A-HD Mark;

   (ii)   unfairly competing with BPI;

   (iii)  causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of SuperHD, or as to any affiliation, connection, or association of it with or approval by BPI, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to BPI and its A-HD Mark;

B.    For an order, under 15 U.S.C. §§ 1116 and 1118, requiring Cellucor, including each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any person in privity or active concert or participation with any of them, to deliver to BPI or requiring destroyed, all SuperHD products and all promotional and packaging materials related to SuperHD;

C.    For an order, under 15 U.S.C. § 1116, requiring Cellucor to file with the Court and serve upon BPI's counsel within thirty days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Cellucor has complied with the requirements of the injunction and order.

D.   An award to BPI, under 15 U.S.C. § 1117, of all profits received by Cellucor from the sales and revenues of any kind made as a result of Cellucor's sales of SuperHD, damages, to be determined at trial, that BPI has suffered as a result of Cellucor's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation, and find this case to be an exceptional and therefore grant BPI its attorneys' fees in pursuing this litigation; and

E.   For an order granting BPI such other and further relief as the Court may deem just and appropriate.

## COUNT II
## Unfair Competition in Violation of 15 U.S.C. § 1125(a)

36.   BPI realleges and incorporates the allegations in Paragraphs 1-27.

37.   This is an action for unfair competition, pursuant to 15 U.S.C. § 1125(a).

38.   Cellucor intentionally and willfully adopted and is using, in interstate commerce in connection with the advertising, promotion and sale of SuperHD, a product that is intended by Cellucor to be substantially similar to, and a colorable imitation of, the A-HD Mark.

39.   Cellucor's promotion and sale of SuperHD has caused and is likely to continue to cause confusion and mistake, and to deceive customers, potential customers and the public as to the true affiliation, connection, or association of A-HD, all in violation of 15 U.S.C. § 1125(a).

40.   Through the promotion, advertising and sale of SuperHD with such a confusingly similar title and product as A-HD, Cellucor has unlawfully simulated, appropriated, and infringed

BPI's A-HD Mark. Such conduct and appropriation constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

41.     Cellucor's conduct has injured and will injure BPI by diversion of BPI's goodwill and sales to Cellucor, and by diminishing and destroying BPI's goodwill and reputation. Cellucor's continuing acts of unfair competition are causing and will continue to cause irreparable injury to BPI and to the public, unless restrained by this Court.

42.     Cellucor's acts of unfair competition are willful, and intended to mislead the purchasing public into believing that its sale of SuperHD is authorized or emanates from BPI.

43.     Cellucor has and/or will obtain gains, profits and advantages as a result of its unlawful acts.

WHEREFORE, BPI demands judgment in its favor and against Cellucor as follows:

A.     For an injunction restraining and enjoining Cellucor and its subsidiaries, officers, agents and employees and all those persons in active concert or participation with them from:

(i)     selling, marketing, advertising, and importing SuperHD or any other products confusingly similar to the A-HD Mark;

(ii)    unfairly competing with BPI;

(iii)   causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of SuperHD, or as to any affiliation, connection, or association of it with or approval by BPI, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to BPI and its A-HD Mark;

B.  For an order, under 15 U.S.C. §§ 1116 and 1118, requiring Cellucor, including each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any person in privity or active concert or participation with any of them, to deliver to BPI or requiring destroyed, all SuperHD products and all promotional and packaging materials related to SuperHD;

C.  For an order, under 15 U.S.C. § 1116, requiring Cellucor to file with the Court and serve upon BPI's counsel within thirty days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Cellucor has complied with the requirements of the injunction and order.

D.  An award to BPI, under 15 U.S.C. § 1117, of all profits received by Cellucor from the sales and revenues of any kind made as a result of Cellucor's sales of SuperHD, damages, to be determined at trial, that BPI has suffered as a result of Cellucor's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation, and find this case to be an exceptional and therefore grant BPI its attorneys' fees in pursuing this litigation; and

E.  For an order granting BPI such other and further relief as the Court may deem just and appropriate.

## COUNT III
### Trademark Infringement of an Unregistered Mark Under Florida Common Law

44.  BPI realleges and incorporates the allegations in Paragraphs 1-27.

45.  This is an action for trademark infringement, pursuant to Florida common law.

46.     BPI, by virtue of the prior adoption and use in interstate commerce of its A-HD Mark in connection with the sale of its A-HD product, in this judicial district and elsewhere, has acquired, established and own valuable common law rights in the A-HD Mark.

47.     Cellucor's adoption and use of the A-HD Mark by promoting and selling SuperHD in commerce constitutes copying and imitation and a false designation of origin, a false or misleading description of fact and a false or misleading representation which has caused and is likely to continue to cause confusion, initial interest confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with BPI, or as to the origin, sponsorship, or approval of SuperHD by BPI and therefore infringes the common law rights of BPI in and to the A-HD Mark in violation of the common law of Florida.

48.     Cellucor's actions complained of herein, unless permanently enjoined by this Court, will result in the likelihood of confusion, mistake and deception by the public concerning the source and origin of SuperHD offered for sale by Cellucor, and produce attendant irreparable injury and damage to BPI and its business reputation.

WHEREFORE, BPI demands judgment in its favor and against Cellucor as follows:

A.      For an injunction restraining and enjoining Cellucor and its subsidiaries, officers, agents and employees and all those persons in active concert or participation with them from:

(i)      selling, marketing, advertising, and importing SuperHD or any other products confusingly similar to the A-HD Mark;

(ii)     unfairly competing with BPI;

(iii)     causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of SuperHD, or as to any affiliation, connection, or association of it with or approval by BPI, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to BPI and its A-HD Mark;

B.     For an order requiring Cellucor, including each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any person in privity or active concert or participation with any of them, to deliver to BPI or requiring destroyed, all SuperHD products and all promotional and packaging materials related to SuperHD;

C.     For an order requiring Cellucor to file with the Court and serve upon BPI's counsel within thirty days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Cellucor has complied with the requirements of the injunction and order.

D.     An award to BPI of all profits received by Cellucor from the sales and revenues of any kind made as a result of Cellucor's sales of SuperHD, damages, to be determined, that BPI has suffered as a result of Cellucor's conduct; and

E.     For an order granting BPI such other and further relief as the Court may deem just and appropriate.

## COUNT IV
### Unfair Competition Under Florida Common Law

49.     BPI realleges and incorporates the allegations in Paragraphs 1-27.

50.     This is an action for common law unfair competition.

51.     Cellucor's adoption and use of the A-HD Mark by promoting and selling SuperHD in commerce constitutes a false designation of origin, a false or misleading description of fact and a false or misleading representation that SuperHD may have originated with, or is sponsored or approved by, BPI.

52.     Cellucor's use of the A-HD Mark misrepresents the nature, characteristics, qualities and origin of the SuperHD that Cellucor sells or will sell in the future.

53.     Cellucor's use of the A-HD Mark has caused and is likely to continue to cause confusion and mistake, and to deceive customers, potential customers and the public as to the true affiliation, connection, or association of SuperHD.

54.     Cellucor's continuing acts of unfair competition are causing and are likely to continue to cause substantial injury to BPI, and have damaged and are likely to continue to damage BPI's business, goodwill and reputation, all to BPI's irreparable injury and to the injury of the public, unless restrained by this Court.

55.     Cellucor's acts of unfair competition are willful, and committed in an effort to mislead the purchasing public into believing that SuperHD is authorized or emanates from BPI.

56.     Cellucor has and will obtain gains, profits and advantages as a result of its unlawful acts.

57.     Cellucor's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate.

13

WHEREFORE, BPI demands judgment in its favor and against Cellucor as follows:

A.      For an injunction restraining and enjoining Cellucor and its subsidiaries, officers, agents and employees and all those persons in active concert or participation with them from:

      (i)      selling, marketing, advertising, and importing SuperHD or any other products confusingly similar to the A-HD Mark;

      (ii)     unfairly competing with BPI;

      (iii)    causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of SuperHD, or as to any affiliation, connection, or association of it with or approval by BPI, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to BPI and its A-HD Mark;

B.      For an order requiring Cellucor, including each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any person in privity or active concert or participation with any of them, to deliver to BPI or requiring destroyed, all SuperHD products and all promotional and packaging materials related to SuperHD;

C.      For an order requiring Cellucor to file with the Court and serve upon BPI's counsel within thirty days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which Cellucor has complied with the requirements of the injunction and order.

D.      An award to BPI of all profits received by Cellucor from the sales and revenues of any kind made as a result of Cellucor's sales of SuperHD, damages, to be determined, that BPI has suffered as a result of Cellucor's conduct; and

E.      For an order granting BPI such other and further relief as the Court may deem just and appropriate.

Date: 1/26/12

Respectfully submitted,

/s/ Cary A. Lubetsky, Esq.
Cary A. Lubetsky, Esq. (FBN 961360)
cal@khllaw.com
Michael J. Henderson, Esq. (FBN 530921)
mjh@khllaw.com
KRINZMAN, HUSS & LUBETSKY
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone:    (305) 854-9700
Facsimile:    (305) 854-0508